334

Robert E. Span, Sr., Manager, Walnut Garden Apartments, Inc., Appellant, *v.* Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission, Appellee.

Walnut Garden Apartments, Inc., Appellant, *v.* Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission, Appellee.

Argued September 4, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN- SON, JR., MENCER, ROGERS and BLATT.

*Gilbert E. Morcroft,* for appellants.

*Sanford Kahn,* with him *Mark A. Senick,* for appellee.

OPINION BY JUDGE WILKINSON, October 3, 1974:

Complainants filed a complaint with the Pennsylvania Human Relations Commission charging the appellants with refusing to rent an apartment to them because of their race, Black, in violation of Section 5(h) of the Pennsylvania Human Relations Act, Act of October 27, 1955, P. L. 744, *as amended,* 43 P.S. §955(h) (Supp. 1974-1975). Appellants filed an answer denying the charges and alleging that if complainants did request to rent an apartment, the request was denied either because the apartment was to be occupied by more than two persons, which was contrary to appellants' policy, or because no vacancy existed.

The matter came on for hearing and testimony was offered by complainants, as well as by a white woman who accompanied them and an employe of the Pennsylvania Human Relations Commission. Appellants of-

fered one witness, the wife of appellant, Span. The testimony was contradictory both as to whether there was an apartment available and as to whether appellants had in fact a policy against renting to anyone who would have the apartment occupied by more than two people. The evidence of the complainants, if believed, clearly supports the charges. The Commission chose to believe the complainants and their witnesses and determined that appellants had engaged in unlawful discriminatory practices as charged.

The law is quite clear that if there is substantial evidence to support the Commission's findings, this Court cannot disturb them. *Straw v. Pennsylvania Human Relations Commission,* 10 Pa. Commonwealth Ct. 99, 308 A. 2d 619 (1973). If believed, which it was by the Commission here, the testimony of complainants and their witnesses clearly establishes that an apartment was available and that a white applicant was told that it was available and was invited back to see it that evening with her husband and child. On the other hand, the Black applicants were told that there was no apartment available.

Having found that discriminatory practices had taken place, the Commission entered an order to which the appellants except as being beyond the Commission's authority. We must agree with the appellants with regard to some portions of the order.

We are not unmindful of the decision of our Supreme Court in *Pennsylvania Human Relations Commission v. Alto-Reste Park Cemetery Association,* 453 Pa. 124, 306 A. 2d 881 (1973), wherein Justice ROBERTS sets forth the broad powers of the Commission to frame an order that not only provides "an effective remedy for the individual aggrieved, but also to guard against and deter the same discriminatory action from recurring, to the detriment of others within the same class." 453 Pa. at 135-36, 306 A. 2d at 888. However, even mindful of

those broad powers, we cannot justify and approve the following portions of the order: "5(b) Advertise only in general circulation newspapers."

Our Supreme Court specifically authorized the requirement of advertising, but in no way did it provide that the Commission could limit advertising to newspapers and then only in newspapers of general circulation.

"7(d) The Respondents shall, for a period of two (2) years subsequent to the date of this Order, maintain a log of all applicants that apply for units managed by the Respondents. This log shall include name, address and *race of applicant,* date of application, and unit sought, and in the case of rejections, the specific reason or reasons therefor. This provision is in accordance with an Affirmative Action Plan to eliminate discrimination and ensure compliance with the Pennsylvania Human Relations Act, and any use to a contrary purpose shall be deemed a violation of this Order." (Emphasis supplied.)

"7(e) That effective on and from the date of this Order and continuing for a period of two (2) years, the Respondents shall maintain a file upon the vacation of each housing unit. This file shall indicate the size of the unit, date vacated, date occupied, *race of former occupant* and the location of the unit and its designation. This provision is in accordance with an Affirmative Action Plan to eliminate discrimination and ensure compliance with the Pennsylvania Human Relations Act, and any use to a contrary purpose shall be deemed a violation of this Order." (Emphasis supplied.)

The requirement of the order that the appellants maintain records which designate the race of an applicant or of a former occupant is in direct violation of Section 5(h)(6) of the Pennsylvania Human Relations Act, 43 P.S. §955(h)(6), which provides that no person shall: "Make any inquiry, elicit any information, make

or keep any record or use any form of application, containing questions or entries concerning *race*, color, religious creed, ancestry, sex or national origin in connection with the sale or lease of any commercial housing or loan of any money, whether or not secured by mortgage or otherwise for the acquisition, construction, rehabilitation, repair or maintenance of commercial housing, or to make any inquiry, elicit any information, make or keep any record or use any form of application, containing questions or entries concerning the use of a guide dog because of the blindness of the user, in connection with the lease of any commercial housing." (Emphasis supplied.)

Finally, the Commission has included a final paragraph in the order which provides for the payment of compensatory damages: "12. That the Respondents shall pay the Complainant Gwendolyn Lee the sum of One Thousand Dollars ($1,000.00) for embarrassment, humiliation and emotional upset as a result of their discriminatory actions. The execution of this provision of the Order shall be held in abeyance until the Supreme Court of Pennsylvania issues an opinion on the power of the Commission to make such awards." The inclusion in the order of a provision for compensatory damages for embarrassment, humiliation and emotional upset as a result of discriminatory actions has been declared by this Court to be beyond the authority of the Commission. *Straw, supra; Zamantakis et al. v. Pennsylvania Human Relations Commission,* 10 Pa. Commonwealth Ct. 107, 308 A. 2d 612 (1973). *See also St. Andrew Development Co., Inc. et al. v. Pennsylvania Human Relations Commission,* 10 Pa. Commonwealth Ct. 123, 308 A. 2d 623 (1973).

Accordingly, we enter the following

## ORDER

Now, October 3, 1974, the order of the Pennsylvania Human Relations Commission, dated November 28,

1973, is affirmed with the exception of paragraphs 5 (b) and 12 and that provision of paragraphs 7 (d) and (e) which requires the records to indicate the race of the applicant or of the former occupant, which paragraphs and parts of paragraphs are set aside and stricken.

DISSENTING OPINION BY JUDGE ROGERS:

As I did in the cases last cited by Judge WILKINSON for the majority, I am impelled to dissent from its holding that the Commission has no power to award reasonable damages to victims of discriminatory practices.