387 A.2d 467

**PENNSYLVANIA HUMAN RELATIONS COMMISSION, Appellant,**

v.

**ST. ANDREWS DEVELOPMENT CO., INC., d/b/a Governours Place Apartments, Arthur Nemroff, President and Mary Elliot, Rental Agency, Appellees.**

Supreme Court of Pennsylvania.

Reargued Jan. 12, 1978.

Decided May 8, 1978.

Sanford Kahn, Pa. Human Relations Com., Harrisburg, for appellant.

Harry B. Goldberg, Harrisburg, for appellees.

Before EAGEN, C. J., and O'BRIEN, POMEROY, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION

PER CURIAM:

On November 15, 1971, Geraldine Cobb and her mother, Martha Cobb, filed a complaint with the Pennsylvania Human Relations Commission charging that the Governours Place Apartments had refused to rent them an apartment because of their race. Pursuant to the procedures set forth

in the Pennsylvania Human Relations Act,[1] the Commission found that the Governours Place Apartments had engaged in unlawful discrimination and on December 26, 1972, ordered them to take certain corrective actions. GPA appealed the Commission's order to Commonwealth Court, which held that there was not substantial evidence to support the Commission's finding of unlawful discrimination.[2] A petition for allowance of appeal to this Court was then filed by the Commission and granted on October 18, 1973.

The Commission argues that their adjudication of unlawful discrimination was supported by substantial evidence and that the Commonwealth Court erred in setting aside their December 26, 1972 order. We have reviewed the record and find that there is not substantial evidence to support the Commission's finding of unlawful discrimination.

The order of the Commonwealth Court is affirmed.

MANDERINO, J., filed a Concurring Opinion.

POMEROY, J., concurs in the result.

ROBERTS, J., filed a dissenting opinion in which NIX, J., joins.

MANDERINO, Justice, concurring.

I agree with the majority that there was insufficient evidence to support the Commission's finding of unlawful discrimination. The issue of the Commission's power to award damages need not be reached in this case. *See* *Pennsylvania Human Relations Commission v. Straw*, 478 Pa. 463, 387 A.2d 75 (Filed May 8, 1978) (dissenting opinion of Manderino, J.).

ROBERTS, Justice, dissenting.

Appellant Pennsylvania Human Relations Commission found that appellee St. Andrews Development Company

1. Act of October 27, 1955, P.L. 744 § 1, as amended, 43 P.S. § 951 et seq.

2. *St. Andrews Development Co. Inc. v. Pennsylvania Human Relations Commission*, 10 Pa.Cmwlth. 123, 308 A.2d 623 (1973).

violated the Pennsylvania Human Relations Law, Act of October 27, 1955, § 5(h)(1), as amended, 43 P.S. § 955(h)(1) (1964 and Supp.1977), in refusing Geraldine Cobb and her mother Martha as tenants in the Governours Palace Apartments. The Commonwealth Court reversed the order of the PHRC, and the majority sustains the decision of the Commonwealth Court. Today's second-guessing of the PHRC represents an unwarranted departure from the "substantial evidence" standard for reviewing factual determinations of administrative agencies, thus frustrating the important purposes of the PHRC. I dissent.

Section 10 of the Human Relations Law, 43 P.S. § 960, provides that judicial review of a PHRC order is governed by the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, § 44, 71 P.S. § 1710.44 (1962), which provides that a reviewing "court shall affirm the adjudication [of the PHRC] unless it shall find that the same is in violation of constitutional rights of the appellant, or is not in accordance with law, . . . or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence." "Substantial evidence" has been defined as such proof as would lead a reasonable person to believe that the agency's determination of fact is reasonable. *Stillman Unemployment Compensation Case,* 161 Pa.Super. 569, 56 A.2d 380 (1948); *A. P. Weaver & Sons v. Sanitary Water Board,* 3 Pa.Cmwlth. 499, 284 A.2d 515 (1971). Accord, *Consolidated Edison Co. v. National Labor Relations Board,* 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938). Professor Schwartz illustrates the substantial evidence standard:

"Where a question of law is at issue, the court determines the *rightness* of the agency answer on its own independent judgment. If the agency answer does not square with that which the court considers the right one, its finding of law should not be upheld. Where a question of fact is at issue, the court determines only the *reasonableness* of the agency answer. If the agency answer is reasonable, even though it is not necessarily the one which

the court would have given had it sat as the trier of fact, the agency finding of fact should be upheld. 'Findings of fact cannot and will not be set aside if the evidence in the record reasonably supports the administrative conclusion, even though suggested alternative conclusions may be equally or even more reasonable and persuasive.' The agency, not the court, is the trier of fact; and the review function is exhausted when there is found to be a rational basis, in the record considered as a whole, for the agency finding."

B. Schwartz, Administrative Law § 211 (1976) (emphasis in original; footnotes omitted). The substantial evidence standard allows the agency maximum flexibility to pursue its legislatively delegated responsibilities. *A. P. Weaver & Sons v. Sanitary Water Board,* supra; B. Schwartz, Administrative Law, supra.

The Commonwealth Court and the majority today have abandoned this first principle of administrative law. St. Andrews claimed it had a leasing policy requiring tenants to have weekly earnings equaling a month's rent and to provide supervision for young children on the premises. (R. 92a, 94a, 123a–124a). Evidence before the PHRC, however, supports the PHRC's conclusion that this "policy" was nothing more than a vehicle for discrimination. (R. 55a–56a).

The combined weekly income of Geraldine and Martha Cobb exceeded St. Andrew's income threshold, (R. 17a) yet St. Andrews asserted that, because neither of the Cobb's weekly income was alone sufficient, it denied the Cobb's rental application (92a–93a). The PHRC also heard testimony that persons in a financial condition similar to that of the Cobbs were not excluded as tenants on this basis. (R. 140a; see also R. 49a, 131a).

Further, the PHRC heard testimony that St. Andrews accepted applicants with children if the applicants made arrangements for supervision of the children. (R. 93a–94a). Martha Cobb had a six year old child who would have lived in the apartment building. (R. 16a). St. Andrews did not inform the Cobbs of either its policy against admitting

tenants with unattended children or its exception to this policy. (R. 17a). St. Andrews thus denied the Cobbs an opportunity to make arrangements for the child. Based on all this evidence, the PHRC concluded that St. Andrews was discriminating.

"[T]he credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn from it are for the [agency. A court's] duty is performed by studying the testimony in the light most favorable to the party in whose favor [the agency] has found, giving that party the benefit of every inference which can be logically reasonably drawn from it. . . ." *Stillman Unemployment Case*, supra, 161 Pa.Super. at 575, 56 A.2d at 383. While another tribunal in the first instance might have reached a conclusion different from that of the PHRC, this alone cannot justify interference with the agency's determination. Evidence in the record, including reasonable inferences therefrom, supports the PHRC's determination that St. Andrew's rental policy was a subterfuge used to discriminate, and the PHRC's determination of fact should therefore be upheld.

In reaching its conclusion contrary to that of the PHRC, the majority reweighs the evidence, including the credibility of witnesses, thus violating the established practice of this Court in administrative, e. g., *Pennsylvania Human Relations Comm'n. v. Feeser*, 469 Pa. 173, 364 A.2d 1324 (1976); *Stillman Unemployment Case*, supra, criminal, e. g., *Commonwealth v. Brown*, 473 Pa. 562, 375 A.2d 1260 (1977), orphans' court, e. g., *In re Adoption of William L.*, 477 Pa. 322, 383 A.2d 1228 (1978); *McCrea Estate*, 475 Pa. 383, 380 A.2d 773 (1977); *Cohen Will*, 445 Pa. 549, 284 A.2d 754 (1971), and civil matters, e. g., *Kay v. Kay*, 460 Pa. 680, 334 A.2d 585 (1975); *Reed v. Universal C.I.T. Credit Corp.*, 434 Pa. 212, 253 A.2d 101 (1969). "Conflicting evidence was presented but the resolution was for the trier of fact," *Garges Estate*, 474 Pa. 237, 243, 378 A.2d 307, 310 (1977), and not this Court. "The test is not whether we, the appellate court, would have reached the same result had we been acting as the hearing judge who saw and heard the wit-

ness[es], 'but rather whether a judicial mind, on due consideration of the evidence, as a whole, could reasonably have reached the conclusion of the [finder of fact].' " *Field v. Golden Triangle Broadcasting, Inc.,* 451 Pa. 410, 415, 305 A.2d 689, 692 (1973).

The Commonwealth Court also reversed that part of the PHRC's order requiring St. Andrews to pay the Cobbs damages for their injury resulting from St. Andrews' discriminatory practices. For the reasons set forth in the Opinion of the Court in *Pennsylvania Human Relations Comm'n. v. Alto-Reste Park Cemetery Ass'n.,* 453 Pa. 124, 306 A.2d 881 (1973), and my dissenting opinions in *Pennsylvania Human Relations Comm'n. v. Zamantakis,* 478 Pa. 454, 387 A.2d 70 (1978) and *Pennsylvania Human Relations Comm'n. v. St. Joe Minerals Corp.,* 476 Pa. 302, 382 A.2d 731 (filed January 26, 1978) (Roberts, J., joined by Nix, J., dissenting), I believe the Commonwealth Court erred in concluding that the PHRC improperly awarded damages. Even on the majority's terms, the proceedings should be remanded to the PHRC for reconsideration of its order in light of today's decision.

I dissent and would reverse the order of the Commonwealth Court and reinstate the order of the PHRC.

NIX, J., joins in this dissenting opinion.