387 A.2d 75

**PENNSYLVANIA HUMAN RELATIONS COMMISSION, Appellant,**

**v.**

**Marian and Lewis STRAW.**

Supreme Court of Pennsylvania.

Reargued Jan. 12, 1978.

Decided May 8, 1978.

464

Sanford Kahn, Pa. Human Relations Com., Harrisburg, for appellant.

Walter W. Wilt, Harrisburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, POMEROY, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

On July 15, 1971, Deborah J. Wilson filed a complaint with the Pennsylvania Human Relations Commission charging that Marian and Lewis Straw had refused to rent her an apartment because of her race. Pursuant to the procedures

set forth in the Pennsylvania Human Relations Act,[1] the Commission found that the Straws had unlawfully discriminated against Wilson and ordered the Straws to, among other things, pay Wilson $3,500.00 in order to compensate her for the mental anguish, humiliation, inconvenience and disruption of normal family life. The Straws appealed the Commission's order to Commonwealth Court, which in an opinion written by Judge Harry A. Kramer and filed on August 14, 1973, held that the Commission had no authority to order that compensatory damages be paid.[2] A petition for allowance of appeal to this Court was then filed by the Commission and granted on October 18, 1973.

The Commission raises only the issue of whether it has the authority to order that damages be paid for mental anguish, humiliation, inconvenience and disruption of normal family life suffered as a result of the Straws' unlawful discrimination. In the case of *Pennsylvania Human Relations Commission v. Zamantakis,* 478 Pa. 454, 387 A.2d 70 (1978), we held that our Legislature has not conferred such authority upon the Commission.

Order affirmed.

ROBERTS, J., filed a Dissenting Opinion in which NIX, J., joins.

MANDERINO, J., filed a Dissenting Opinion.

MANDERINO, Justice, dissenting.

I dissent. I cannot agree with the majority that the Commission has no authority to award compensatory damages when such damages have been properly established by the evidence.

Recently in *Pennsylvania Human Relations Commission v. St. Joe Minerals Corp.,* 476 Pa. 302, 382 A.2d 731 (1978) we held that the Pennsylvania Human Relations Commission

1. Act of October 27, 1955, P.L. 744, § 1 as amended, 43 P.S. § 951 et seq.

2. *Straw v. Pennsylvania Human Relations Commission,* 10 Pa. Cmwlth. 99, 308 A.2d 619 (1973).

may exercise only those powers which are expressly granted to the Commission or necessarily implied by the legislative grant of authority. *St. Joe* held that the Commission could not compel answers to interrogatories because such authority was neither expressly conferred upon the Commission nor necessarily implied in the legislative grant.

In this case, like *St. Joe,* there is no express grant of authority to award damages, but, unlike *St. Joe,* that authority is *necessarily implied* in the Pennsylvania Human Relations Act.

In 1974, the Pennsylvania Human Relations Commission Act was amended and a new subsection (c) was added to section 962 of the Act. This new subsection, in my opinion, *necessarily implies* that the Commission has the authority to award damages. The new subsection (c) reads as follows:

"(c) In cases involving a claim of discrimination, *if a complainant invokes the procedures set forth in this act, that individual's right of action in the courts of the Commonwealth shall not be foreclosed. If* within one (1) year after the filing of a complaint with the Commission, *the Commission dismisses the complaint or has not entered into a conciliation agreement to* which the complainant is a party, the Commission must so notify the complainant. On receipt of such a notice the complainant shall be able to bring an action in the courts of common pleas of the Commonwealth based on the right to freedom from discrimination granted by this act. If the court finds that the respondent has engaged in or is engaging in an unlawful discriminatory practice charged in the complaint, the court shall enjoin the respondent from engaging in such unlawful discriminatory practice and order affirmative action which may include, but is not limited to, reinstatement or hiring of employes, granting of back pay, *or any other legal or equitable relief as the court deems appropriate.* Back pay liability shall not accrue from a date more than three years prior to the filing of a complaint charging violations of this act." (Emphasis added.) As amended 1974, Dec. 19, P.L. 966, No. 318, § 6, imd. effective.

It can be seen from the above subsection that a person who does not receive relief from the Commission is entitled to bring an action in the courts of common pleas of the Commonwealth and the court is entitled to award any legal or equitable relief it deems appropriate.

There is nothing in the Act to indicate a legislative intent that the courts would be able to give a remedy which the Commission could not give in the first instance. If a person is entitled to an award of damages in the court, the Commission should be able to make a similar award. If this were not so, the legislative intent that the agency with expertise in the area of discrimination be the initial forum for the consideration of discrimination complaints would be considerably thwarted. A person claiming discrimination might not diligently cooperate in the procedures before the Human Relations Commission if that person could obtain more relief before the courts than before the Commission. Therefore, when one considers a court of common pleas' express authority to award damages as a remedy for unlawful discrimination, as well as the clear legislative intent that parties who suffer from discrimination seek and obtain recourse from the Human Relations Commission, I think it necessarily implied in the PHRA that the Commission, empowered to "take such affirmative action . . . [to] effectuate the purposes of [the Human Relations Act]," 43 P.S. § 959, be allowed to award damages in an appropriate case.

ROBERTS, Justice, dissenting.

For the reasons set forth in the Opinion of the Court in *Pennsylvania Human Relations Comm'n. v. Alto-Reste Park Cemetery Ass'n,* 453 Pa. 124, 306 A.2d 881 (1973), and my dissenting opinion in *Pennsylvania Human Relations Commission v. Zamantakis,* 478 Pa. 454, 387 A.2d 70 (1978) and *Pennsylvania Human Relations Comm'n. v. St. Joe Minerals Corp.,* 476 Pa. 302, 382 A.2d 731 (1978) (Roberts, J., joined by Nix, J., dissenting), I dissent.

NIX, J., joins in this dissenting opinion.