387 A.2d 664

MIDLAND HEIGHTS HOMES, INC., Appellant at No. 138,

v.

COMMONWEALTH of Pennsylvania, Pennsylvania HUMAN RELATIONS COMMISSION, Appellant at No. 139.

Supreme Court of Pennsylvania.

Argued Jan. 12, 1978.

Decided June 5, 1978.

Joseph M. Stanichak, Aliquippa, for appellant in No. 138.

Katherine H. Fein, Cheryl L. Allen, Pittsburgh, for appellant in No. 139.

Katherine H. Fein, Cheryl L. Allen, Asst. Attys. Gen., Pa. Human Relations Commission, Pittsburgh, for appellee in No. 138.

Joseph M. Stanichak, Aliquippa, for appellee in No. 139.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

PER CURIAM:

Order affirmed.

MANDERINO, J., filed a concurring and dissenting opinion.

ROBERTS, J., filed a dissenting opinion in which NIX, J., joined.

MANDERINO, Justice, concurring and dissenting.

I agree with the Court that the Human Relations Commission did not exceed its statutory authority in ordering respondent, among other things, to maintain records of applicants by race and draft standards by which to review applicants for acceptance or rejection. I also agree with the Court that the record contains sufficient evidence from which to conclude respondent had engaged in unlawful discriminatory practices.

I must once again dissent, however, from the Court's holding that the Human Relations Commission has no statutory authority to award compensatory damages to persons genuinely injured by unlawful discrimination. See my dissenting opinion in *Pennsylvania Human Relations Commission v. Straw*, 478 Pa. 463, 387 A.2d 75 (1978) (Manderino, J., dissenting).

ROBERTS, Justice, dissenting.

For the reasons set forth in the Opinion of the Court in *Pennsylvania Human Relations Comm'n v. Alto-Reste Park Cemetery Ass'n*, 453 Pa. 124, 306 A.2d 881 (1973), and in my dissenting opinions in *Pennsylvania Human Relations Comm'n v. Zamantakis*, 478 Pa. 454, 387 A.2d 70 (1978) (Roberts, J., joined by Nix., J., dissenting), and *Pennsylvania Human Relations Comm'n v. St. Joe Minerals Corp.*, 476 Pa. 302, 382 A.2d 731 (1978) (Roberts, J., joined by Nix, J., dissenting), I dissent from that portion of today's opinion holding that the PHRC is without statutory authority to award compensatory damages to victims of discrimination. Accordingly, I would reverse the order of the Commonwealth Court in part and reinstate the order of the PHRC.

Because, however, the majority affirms the order of the Commonwealth Court modifying the award of damages, the

Court should remand the proceedings to the PHRC to allow it to enter an appropriate remedial order in light of today's decision.

NIX, J., joins in this dissenting opinion.