387 A.2d 875

**Gwendolyn A. LEE and Ernest L. Yokely**

v.

**WALNUT GARDEN APARTMENTS, INC., Robert E. Span, Sr., Manager.**

**Appeal of COMMONWEALTH of Pennsylvania, Pennsylvania HUMAN RELATIONS COMMISSION.**

Supreme Court of Pennsylvania.

Argued Jan. 12, 1978.

Decided June 5, 1978.

Elisabeth Shuster, Asst. Gen. Counsel, Sanford Kahn, Gen. Counsel, Pennsylvania Human Relations Commission, Harrisburg, Cheryl L. Allen, Asst. Gen. Counsel, Pittsburgh, for appellant.

Gilbert E. Morcroft, John V. Adams, Jr., Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

PER CURIAM:

Appellant, Pennsylvania Human Relations Commission (Commission), appeals from a decision of the Commonwealth Court holding (1) the Commission has no power to award victims of unlawful discrimination damages for "embarrassment, humiliation and emotional upset," and (2) the Commission may not order a respondent to maintain records which designate the race of apartment applicants or the race of the apartment's former occupant because such a requirement violates § 5(h)(6) of the Pennsylvania Human Relations Act,

43 P.S. § 955(h)(6) (Supp.1977–78). *Span v. Pennsylvania Human Relations Commission*, 15 Pa.Cmwlth. 334, 325 A.2d 678 (1974).

■ This Court has recently held that the Pennsylvania Human Relations Commission has no authority to award damages for injuries such as mental anguish and humiliation which allegedly result from unlawful discrimination. *Pennsylvania Human Relations Commission v. Zamantakis*, 478 Pa. 454, 387 A.2d 70 (1978); *Pennsylvania Human Relations Commission v. Straw*, 478 Pa. 463, 387 A.2d 75 (1978). Accordingly, we affirm that part of the Commonwealth Court's order denying the Commission the authority to award damages for embarrassment, humiliation, and emotional upset.

■ We do not agree with the Commonwealth Court's order that the Commission may not, as a remedial measure, order a respondent to maintain records of the racial identification of applicants for an apartment or the former occupants of a vacated apartment unit. The Commonwealth Court's order in the present case was entered before this Court's decision in *Pennsylvania Human Relations Commission v. Chester Housing Authority*, 458 Pa. 67, 327 A.2d 335 (1974), in which we upheld a nearly identical order requiring reports containing information of racial composition. The Commission, statutorily empowered to "take such affirmative action . . . as, in the judgment of the Commission, will effectuate the purposes of [the Human Relations Act]," 43 P.S. § 959 (Supp.1977–78), could have concluded that such a reporting requirement was necessary to effectuate the purposes of the Human Relations Act.

We therefore reverse that portion of the Commonwealth Court's decision invalidating the Commission's order which requires respondent's records to indicate the racial composition of applicants for apartments and the former occupants of apartments. We affirm the Commonwealth Court's order denying the Commission the authority to award the compensatory damages sought in this case.

It is so ordered.

MANDERINO, J., filed a concurring and dissenting opinion.

ROBERTS, J., filed a dissenting opinion in which NIX, J., joined.

MANDERINO, Justice, concurring and dissenting.

I agree with the Court that the Human Relations Commission did not act improperly in requiring respondent to maintain reports which were to include information of the racial composition of applicants and former occupants. However, for the reasons fully set forth in my dissenting opinion in *Pennsylvania Human Relations Commission v. Straw*, 478 Pa. 463, 387 A.2d 75 (1978) (Manderino, J., dissenting), I dissent from the Court's holding that the Human Relations Commission has no statutory authority to award compensatory damages to persons genuinely injured by unlawful discrimination.

ROBERTS, Justice, dissenting.

For the reasons set forth in the Opinion of the Court in *Pennsylvania Human Relations Comm'n v. Alto-Reste Park Cemetery Ass'n*, 453 Pa. 124, 306 A.2d 881 (1973), and in my dissenting opinions in *Pennsylvania Human Relations Comm'n v. Zamantakis*, 478 Pa. 454, 387 A.2d 70 (1978) (Roberts, J., joined by Nix, J., dissenting), and *Pennsylvania Human Relations Comm'n v. St. Joe Minerals Corp.*, 476 Pa. 302, 382 A.2d 731 (1978) (Roberts, J., joined by Nix, J., dissenting), I dissent from that portion of today's opinion holding that the PHRC is without statutory authority to award compensatory damages to victims of discrimination. Accordingly, I would reverse the order of the Commonwealth Court and reinstate the order of the PHRC.

Because, however, the majority affirms the order of the Commonwealth Court modifying the award of damages, the Court should remand the proceedings to the PHRC to allow it to enter an appropriate remedial order in light of today's decision.

NIX, J., joins in this dissenting opinion.