578 A.2d 589

Virginia A. MECHENSKY, Petitioner,

v.

COMMONWEALTH of Pennsylvania, PENNSYLVANIA HUMAN RELATIONS COMMISSION, Respondent.

McGRAW–EDISON COMPANY, Petitioner,

v.

COMMONWEALTH of Pennsylvania, PENNSYLVANIA HUMAN RELATIONS COMMISSION, Respondent.

Commonwealth Court of Pennsylvania.

Argued April 30, 1990.

Decided July 24, 1990.

194

Bruce L. Thall, Abramson, Cogan, Kogan, Freedman & Thall, P.C., Philadelphia, for petitioner, Virginia A. Mechensky.

Larry J. Rappoport, Kleinbard, Bell & Brecker, Philadelphia, for petitioner, McGraw–Edison Co.

Francine Ostrovsky, Asst. Chief Counsel, with her, Elisabeth S. Shuster, Chief Counsel, for respondent.

Before DOYLE and SMITH, JJ., and BARBIERI, Senior Judge.

SMITH, Judge.

Virginia Mechensky and McGraw–Edison Company (McGraw) appeal two orders of the Pennsylvania Human Relations Commission (Commission) which found that McGraw violated an agreement entered into with Ms. Mechensky when McGraw released information to a third party concerning the termination of Ms. Mechensky's employment with McGraw. The Commission awarded Ms. Mechensky nominal damages for this breach. Both parties have appealed the orders, and their appeals have been consolidated by this Court. The Commission orders are affirmed.

## I.

Ms. Mechensky filed a sex discrimination charge against McGraw in June of 1979 alleging a violation of Section 5(a) of the Pennsylvania Human Relations Act (Act), Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. 955(a). In January of 1980, McGraw entered into an agreement with Ms. Mechensky which in pertinent part provided:

> Respondent has agreed to answer inquiries received by Respondent concerning the termination of Complainant's employment with Respondent by indicating that Complainant left Respondent's employment to accept a better position and that Complainant's performance with Respondent was satisfactory.

On February 25, 1980, the Commission closed the case as "satisfactorily adjusted" and advised Ms. Mechensky that, pursuant to Commission regulations, she had "the right to promptly petition the Commission to reconsider whether the respondent has complied with the terms of the settlement" if she believed the terms had not been implemented. Letter from Commission to Virginia Mechensky, March 5, 1980.

On June 23, 1983, Ms. Mechensky filed a request for reconsideration claiming a violation of the settlement agreement, alleging that some two years earlier McGraw disclosed to her present employer, the Okonite Company, the identity of the lawyer who represented Ms. Mechensky in her discrimination charge against McGraw. Ms. Mechensky alleged that as a result of this disclosure, Okonite terminated her employment. In January of 1984, the Commission advised McGraw that it had decided to grant the request for reconsideration and to reopen the matter, and one year later requested that McGraw provide additional documents and information relating to the original charge of discrimination. McGraw's objections on the grounds of waiver, release, estoppel, timeliness and laches were overruled by the Commission. In January of 1986, the Commission issued a subpoena duces tecum to McGraw requesting certain documents relative to the original charge of discrimination, in response to which McGraw filed a motion to quash. In an

order dated November 5, 1986, the Commission ordered hearing on the issues of timeliness of the request for reconsideration, laches in the investigation, and the propriety of the Commission's investigation of a matter when there existed basic contract remedies available to the complainant.

In January of 1987, McGraw filed a petition for review in the nature of an application for issuance of a writ of prohibition requesting that this Court prohibit the Commission from exercising jurisdiction over the request for reconsideration. This Court denied the petition finding that the November 5, 1986 order was not a final and thus appealable order. Following hearings held in October of 1987, the Commission issued the first of two orders presently before this Court on appeal. In its order dated June 27, 1988, the Commission found as follows:

> In conclusion, the Commission has jurisdiction to consider petitions for breach of agreements settling Commission complaints. Mechensky's Petition for Reconsideration of Adjustment was timely filed, and is properly before the Commission for its consideration. The Commission does not have jurisdiction, in these proceedings, to consider alleged violations of Sections 5(d) or (e) of the Act, 43 P.S. § 955(d), (e). Mechensky has proven that McGraw–Edison violated the Respondent and Complainant Agreement when Jay Stringer [McGraw's attorney] released to Okonite Company the fact that Mechensky had filed a discrimination complaint against McGraw–Edison. The appropriate remedy for this breach is to provide Mechensky an opportunity to establish whether the breach caused her to lose any pay or benefits from the Okonite Company, and to issue an order against McGraw–Edison for any such damages proven.

Following additional hearings on the issue of damages, the Commission issued its second order dated September 11, 1989, also on appeal before this Court, in which the Commission found:

In conclusion, Mechensky has proven that McGraw–Edison's breach of the Respondent and Complainant Agreement caused by its release to Okonite of the information concerning her prior litigation, was one of several factors in Okonite's decision to terminate her. It was not a factor, however, but for which she would have remained employed. Mechensky has failed to present evidence from which a reasonable estimate, free from undue speculation, may be made concerning the amount of influence the prior litigation did have, and from which a reasonably accurate apportionment of the total amount of damages may be made. Where a breach of contract has been proven, but no damages established, an award of nominal damages is appropriate, and the Commission holds McGraw–Edison liable for the sum of $50.00 in such damages.

## II.

McGraw raises the following five issues in its appeals of the two orders: Whether the Commission erred in permitting Ms. Mechensky to file her request for reconsideration three years and four months after the close of her file and two years after she learned of the alleged breach of the agreement; whether both Ms. Mechensky's claim and the Commission's investigation are barred by laches; whether the Commission exceeded its statutory authority in holding hearings on the request for reconsideration; whether the Commission erred in finding that McGraw's disclosure violated the terms of the agreement; and finally, whether the award of nominal damages was improper.[1]

McGraw's first issue, that the request for reconsideration was not timely filed, is without merit. The Commission correctly held that the application of the 180-day time

---

1. This Court's scope of review of a Commission adjudication is to determine whether it is in accord with the law, whether its findings of fact in support of its conclusions are based upon substantial evidence, and whether constitutional rights have been violated. *Pennsylvania State Police v. Pennsylvania Human Relations Commission,* 127 Pa. Commonwealth Ct. 436, 561 A.2d 1320 (1989).

limit[2] imposed by Section 9(g) of the Act, 43 P.S. § 959(g), is limited to complaints filed under Section 9 of the Act. Section 42.73 of the Special Rules of Administrative Practice and Procedure for the Human Relations Commission, 16 Pa.Code § 42.73, provides that a complainant has the right to petition for reconsideration but fails to specify a time within which such a request must be filed.

More pertinent, however, is McGraw's argument that Ms. Mechensky's claim is barred by her delay in filing the request for reconsideration. Laches will operate to bar a claim for relief where the complainant is guilty of inordinate delay in filing a claim and such a delay causes prejudice to the defendant. *McNelly Appeal*, 122 Pa.Commonwealth Ct. 601, 553 A.2d 472 (1989). Whether a party is guilty of laches is a fact determination left to the discretion of the trial court. Absent an abuse of discretion, this Court will not disturb a finding that laches does or does not apply. *Gruca v. U.S. Steel Corp.*, 495 F.2d 1252 (3d Cir.1974): The Commission found that between July of 1981 (when she first learned of the potential breach of the agreement) and December of 1981, Ms. Mechensky was involved in good-faith efforts to rectify the breach through the efforts of her New Jersey counsel. No request for reconsideration was filed until June, 1983, however, which Ms. Mechensky explained was due to her inability to obtain legal counsel in Pennsylvania, her lack of financial resources, and the emotional trauma caused by McGraw's breach.

While the Commission found none of these reasons sufficient to explain the delay, it determined that her explanations were sufficiently compelling to prevent the delay from being deemed inordinate. Further, the Commission found that McGraw had failed to present convincing evidence that it had been prejudiced as a result of the delay. This Court thus finds sufficient evidence in the record to support the Commission's finding that laches did not bar Ms. Mechensky's request for reconsideration.

2. Section 9(g) prescribed a 90–day statute of limitations at the time Ms. Mechensky filed her request for reconsideration.

McGraw also contends that the Commission is guilty of laches, pointing to a four-year delay from the decision to reopen the case until a hearing was held. In its June 27, 1988 order, the Commission rejected this argument citing *Beaver Cemetery v. Pennsylvania Human Relations Commission*, 107 Pa.Commonwealth Ct. 190, 528 A.2d 282 (1987), *appeal denied*, 518 Pa. 627, 541 A.2d 1138 (1988). The Commission found that inasmuch as it had determined that the request for reconsideration was not barred by Ms. Mechensky's delay in filing, *Beaver* prohibited the Commission from attributing to her any additional delay arguably caused by the Commission's inaction. In the case of Ms. Mechensky, McGraw argues, the delay in filing her request coupled with that of the Commission in scheduling a hearing on the merits require application of the doctrine of laches.

McGraw's analysis must fail for two reasons. First, even if inordinate delay by the Commission is established, McGraw has not presented convincing evidence of prejudice. *McNelly.* Second, the record supports the Commission finding that much of the delay in scheduling a hearing on the merits was due to the actions of McGraw which included but were not limited to the filing of a motion to dismiss and motion to quash subpoena before the Commission and the filing of a petition for review in this Court. While this Court is mindful of the long delays characterizing Commission proceedings, *Pittsburgh Board of Public Education v. Pennsylvania Human Relations Commission*, 128 Pa. Commonwealth Ct. 324, 563 A.2d 581 (1989), McGraw's legal maneuvering was a significant factor in the length of these proceedings.

McGraw next argues that the Commission lacked authority to interpret or enforce the provisions of contracts such as the settlement agreement. Arguing that the Commission has strayed beyond the purposes and policies of the Act, McGraw contends that Ms. Mechensky should properly have brought this matter as a breach of contract suit in the court of common pleas. The Commission maintains that its

authority to consider a charge of breach of contract may be implied from provisions of the Act favoring settlement together with the express powers delegated to the Commission. In particular, the Commission cites Section 7(d) of the Act, 43 P.S. § 957(d), which grants it the power to adopt, promulgate, amend and rescind rules and regulations to effectuate the Act, and Section 9(c), 43 P.S. § 959(c), which requires the Commission to attempt to eliminate a complained-of discriminatory practice by conference, conciliation and persuasion. The Commission contends that the identical emphasis on conciliation found in Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17, supports its exercise of jurisdiction.

■ The Commission's argument is persuasive. Section 42.73 of the Special Rules of Administrative Practice and Procedure for the Human Relations Commission, 16 Pa. Code § 42.73, allows a complainant the right to petition the Commission to determine whether a respondent has complied with the terms of a settlement agreement and further specifies that the Commission shall then take whatever action it deems necessary as justice requires. This authority shall not be contravened unless so clearly at odds with fundamental principles of law as to constitute whim or fancy. *Pennsylvania State Police v. Pennsylvania Human Relations Commission*, 72 Pa.Commonwealth Ct. 520, 457 A.2d 584 (1983); *Rankin v. School District of Pittsburgh*, 33 Pa.Commonwealth Ct. 129, 381 A.2d 195 (1977), *later appeal*, 39 Pa.Commonwealth Ct. 222, 396 A.2d 856 (1978). Accordingly, this Court does not find Section 42.73 to be an improper extension of the Act.

■ McGraw maintains that disclosure to Okonite that a charge of discrimination had been filed by Mrs. Mechensky was not a breach of its promise to answer inquiries concerning the cause of Ms. Mechensky's termination. McGraw asserts that Okonite did not inquire as to why Ms. Mechensky was terminated, but only if she had ever filed a charge of discrimination against the company. The Commission found clear evidence that the agreement by McGraw con-

cerning divulgence of information relative to Ms. Mechen-sky's termination was intended to insure that her ability to secure other employment would not be jeopardized due to a prospective employer acquiring knowledge of her charge against McGraw. The Commission reasoned that releasing the fact of the previous litigation was a clear violation of the spirit and the letter of the agreement, and the fact that Okonite was a present rather than prospective employer was irrelevant. Substantial evidence exists to support this finding and consequently, it will not be reversed by this Court.

Finally, McGraw argues that the Commission erred in awarding even nominal damages for the reason that the record failed to establish any nexus between violation of the agreement and the decision by Okonite to terminate Ms. Mechensky. This issue is closely related to the arguments raised by Ms. Mechensky in her appeal and will be considered hereafter.

### III.

Ms. Mechensky questions whether the Commission erred (1) by requiring that damages be allocated; (2) in imposing on Ms. Mechensky the burden of allocating damages between those flowing from McGraw's breach and those attributable to other factors; (3) in applying contract law principles to breach of the agreement; and (4) in only awarding Ms. Mechensky nominal damages.

Ms. Mechensky's first issue is predicated upon her conclusion that the Commission found two reasons for Okonite's decision to terminate her employment: the information disclosed by McGraw concerning her prior litigation; and misinformation provided by McGraw regarding Ms. Mechensky's last date of employment.[3] She therefore argues that

---

3. Subsequent to the Commission's June 27, 1988 opinion, Ms. Mechensky, in a brief filed with the Commission, alleged yet another breach by McGraw claiming that the company had misinformed Okonite as to her last date of employment in violation of paragraph 3 of the agreement. In its Order of September 11, 1989, the Commission found that even if there had been misinformation, it was of no event

there is no need to apportion damages. This argument does not comport with the Commission's September 11, 1989 Order wherein it found that Okonite based its decision to terminate Ms. Mechensky on several factors, only one of which was the information disclosed by McGraw. Among the other factors were Okonite's belief that Ms. Mechensky's performance and attitude were poor, evidence that she falsified her application for employment, and that she had retained legal counsel to negotiate with Okonite concerning the terms and conditions of her employment. Thus, the Commission correctly determined the necessity to allocate those damages caused by McGraw's breach.

██ Ms. Mechensky next argues that the burden of allocation should have been placed on McGraw, citing *Price Waterhouse v. Hopkins,* —— U.S. ——, 109 S.Ct. 1775 (1989). In *Price Waterhouse,* the Supreme Court held that upon a showing by a plaintiff in a Title VII case that an illegitimate factor such as gender entered into an employment decision, the employer may be required to prove by a preponderance of the evidence that it would have made the same decision absent consideration of the illegitimate factor. Reliance upon *Price Waterhouse* is misplaced inasmuch as it concerns the burden of proof of causation. Liability in the matter *sub judice* had already been determined by the Commission in its June 27, 1988 Order, and the subsequent hearing was held to allow Ms. Mechensky the opportunity to present evidence to the Commission as to which damages, if any, were caused by McGraw's breach of the agreement. *See also Rochez Brothers, Inc. v. Rhoades,* 527 F.2d 891 (3d Cir.1975), *cert. denied,* 425 U.S. 993 (1976). As noted in *S.J. Groves & Sons Co. v. Warner Co.,* 576 F.2d 524, 527 (3d Cir.1978), "[T]he burden is on the plaintiff to establish proximate cause between the breach and damage and if the loss caused by a breach cannot be

because Ms. Mechensky's resume and employment application submitted to Okonite also contained incorrect information as to her dates of employment with McGraw.

isolated from that attributable to other factors, no damages may be awarded."

The next argument presented by Ms. Mechensky is that contract law principles should not have been applied by the Commission in fashioning a remedy. Ms. Mechensky submits that the Commission erred by failing to award her front pay and benefits, compensatory damages, attorney fees and costs, and such other equitable relief within the Commission's jurisdiction. The Commission can only exercise those powers conferred upon it by the Act. *City of Pittsburgh Commission on Human Relations v. MacBeth*, 37 Pa.Commonwealth Ct. 636, 391 A.2d 1109 (1978). Consequently, Ms. Mechensky's request for compensatory damages and attorney fees was properly denied. *See Midland Heights Homes, Inc. v. Pennsylvania Human Relations Commission*, 478 Pa. 625, 387 A.2d 664 (1978), which held that the Commission was without authority to award compensatory damages; and *Consumers Motor Mart v. Pennsylvania Human Relations Commission*, 108 Pa.Commonwealth Ct. 59, 529 A.2d 571 (1987) which held that the Commission was without authority to award attorney fees. The power of the Commission to award front pay was recognized by this Court in *Williamsburg Community School District v. Pennsylvania Human Relations Commission*, 99 Pa.Commonwealth Ct. 206, 512 A.2d 1339 (1986). It is necessary, however, to defer to the Commission finding that it would require an unreasonable amount of speculation to assign a percentage of Ms. Mechensky's damages to McGraw's disclosure which the Commission properly refused to do. *See Williamsburg*.

Finally, both parties contend that the Commission's award of nominal damages was erroneous; McGraw arguing that the evidence did not establish a nexus between the violation of the agreement by McGraw and the decision by Okonite to terminate Ms. Mechensky, and Ms. Mechensky arguing that the evidence supports a greater award. Having found substantial evidence to support the Commission's finding that McGraw violated the terms of the agreement,

this Court must now decide if substantial evidence exists to support the Commission's finding that a nominal award was appropriate.

The Commission was unable to attribute any of Ms. Mechensky's claimed damages to McGraw's disclosure and properly declined to speculate on this issue. The Commission reached this conclusion "well aware of the evidentiary problems encountered by Mechensky in attempting to prove both causation and damages" due to the fact that Okonite, located out-of-state and beyond the Commission's jurisdiction, had refused to cooperate with the claim. Order of September 11, 1989, pp. 16–17. Nominal damages are appropriately awarded where a breach of contract has been proven, but no damage has been shown to flow from the breach. *Thorsen v. Iron & Glass Bank,* 328 Pa.Superior Ct. 135, 476 A.2d 928 (1984). Hence, the record demonstrates substantial evidence to support the Commission's award of $50 in nominal damages and its decision is accordingly affirmed.

## ORDER

AND NOW, this 24th day of July, 1990, the Pennsylvania Human Relations Commission Orders of June 27, 1988 and September 11, 1989 are affirmed.