City of Pittsburgh Commission on Human Relations, Appellant *v.* Louis MacBeth, Appellee.

Argued May 3, 1978, before President Judge Bow-MAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge DISALLE did not participate.

*Thomas D. MacMullan*, for appellant.

No brief or appearance for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, September 22, 1978:

The sole issue in this appeal is whether appellant, City of Pittsburgh Commission on Human Relations (Commission), has authority under Section 13(i) of the Pittsburgh Human Relations Ordinance (Pitts-

burgh Ordinance) to order a respondent adjudged to have committed a discriminatory act to pay the attorney's fees of the successful complainant.

September 8, 1976, the Commission ordered Louis MacBeth, appellee, to cease and desist from discriminating on the basis of race in connection with rental housing accommodations in Pittsburgh. Additionally, MacBeth was ordered to prepare and file with appellant an affirmative action program. It was further ordered that MacBeth compensate Ann A. Simms, the complainant before the Commission, "the sum of Three Hundred Forty ($340.00) Dollars for any legal expense incurred by her by retaining [her] Attorney . . . to represent her in these proceedings."

MacBeth appealed the Commission's order to the Court of Common Pleas of Allegheny County. That court, finding substantial evidence to support the Commission's finding that appellee had violated the housing rental provisions of the Pittsburgh Ordinance, dismissed MacBeth's appeal as to the cease and desist order and affirmative action program, but, concluding that the Commission acted without authority in awarding attorney's fees, sustained MacBeth's appeal as to said award. Hence this appeal by the Commission. We affirm.

The Commission was created in 1967 when the city council of Pittsburgh, acting pursuant to the authority granted to it by Section 12.1(a) of the Pennsylvania Human Relations Act (Act),[1] 43 P.S. §962.1 (a), enacted, and the mayor approved, the Pittsburgh Ordinance. Subsection (d) of Section 12.1 of the Act, 43 P.S. §962.1(d), provides that, in creating a local human relations commission, the legislative body of the political subdivision may grant to the local com-

---

[1] Act of October 27, 1955, P.L. 744, *as amended*, added by Section 3 of the Act of January 24, 1966, P.L. (1965) 1523, *as amended*.

mission "powers and duties similar to those now exercised by the Pennsylvania Human Relations Commission under the provisions of this act." Thus, it is clear from this language of the Act that the General Assembly, while desirous of extending to municipalities the right to establish local commissions, did not intend to extend to local commissions powers or duties above and beyond those possessed by the Pennsylvania Human Relations Commission (PHRC).

A comparison of Section 13(i) of the Pittsburgh Ordinance and Section 9 of the Act, 43 P.S. §959, reveals that the City of Pittsburgh did not simply grant its local commission powers *similar* to those granted by the legislature to the PHRC in terms of what a respondent adjudged to have committed an unlawful practice may be ordered to do; indeed the City granted to its local commission power to fashion a remedy which is, in every significant respect, *identical* to the power to fashion a remedy granted by the legislature to the PHRC.[2] In examining Section 13(i) of the Pittsburgh Ordinance, therefore, we shall follow closely the case law which has developed with respect to the scope of power conferred upon the PHRC by Section 9 of the Act.

Section 13(i) of the Pittsburgh Ordinance provides, in pertinent part:

> If upon all the evidence presented, the Commission finds that the respondent has engaged or is engaging in an unlawful practice, it shall state its findings of fact in writing and shall issue such order in writing as *the facts warrant to effectuate the purposes of this ordinance. Such order may require the respondent* to cease

---

[2] Appellant recognizes that the language of Section 13(i) of the Pittsburgh Ordinance "is almost identical to that of §959 of the Pennsylvania Human Relations Act."

and desist from such unlawful practice and *to take such affirmative action, including, but not limited to,* the hiring, reinstatement or upgrading of employees, with or without back pay, admission or restoration to membership in any respondent labor organization, the selling, renting or leasing of a housing accommodation or housing accommodations upon equal terms and conditions and with such equal facilities, services and privileges, the tendering of money, whether or not secured by mortgage or otherwise for the acquisition, construction rehabilitation, repair or maintenance of any housing accommodations, the granting, permitting, selling or admission to any of the accommodations, advantages, facilities, services or privileges, products or goods of any respondent place of public accommodation, resort, recreation or amusement, upon such equal terms and conditions to any person discriminated against or to all persons *as, in the judgment of the Commission, will effectuate the purposes of this ordinance.* . . . (Emphasis added.)

Conceding that the Pittsburgh Ordinance "does not specifically provide for the award of attorneys' fees," the Commission argues that its authority to award same to successful complainants is derived from the above-emphasized language of Section 13(i). We cannot agree.

In *Pennsylvania Human Relations Commission v. Zamantakis,* 478 Pa. 454, 387 A.2d 70 (1978), and its companion cases,[3] the PHRC had argued that the provisions of Section 9 of the Act conferred upon it the power to award damages against a respondent for

---

[3] *See, e.g., Pennsylvania Human Relations Commission v. Straw.* 478 Pa. 463, 387 A.2d 75 (1978).

the mental anguish and humiliation of the complainant. The Supreme Court, rejecting this argument, stated:

> We have held that the Legislature has given the Commission broad discretionary power to effectuate the policies of the Pennsylvania Human Relations Act. Pennsylvania Human Relations Commission v. Alto-Reste Park Cemetery Association, 453 Pa. 124, 306 A.2d 881 (1973). However, the Commission, like all administrative agencies, can only exercise those powers which have been conferred upon it by the Legislature. Pennsylvania Human Relations Commission v. St. Joe Minerals Corporation, Zinc Smelting Division, 476 Pa. 302, 382 A.2d 731 (Filed January 26, 1978).

*Zamantakis, supra* at 457-8, 387 A.2d at 72.

The Court quoted with approval and adopted the language of this Court, speaking through the late Judge KRAMER:

> We . . . note that in the Pennsylvania statute [the Act], there is no specific legislative language authorizing the Commission to award such damages [compensatory damages for humiliation and mental anguish]. . . . Traditionally, damages, in this Commonwealth, have been a matter for courts of law, under an adversary system of justice, and therefore unless the Legislature clearly authorizes the Commission to award damages, we cannot extend to it such authority by judicial fiat, nor can we broaden the scope of the Commission's authority into a full-scale lawsuit.

*Zamantakis v. Pennsylvania Human Relations Commission*, 10 Pa. Commonwealth Ct. 107, 117, 308 A.2d 612, 616 (1973).

We believe that the reasoning of *Zamantakis*, when applied to Section 13(i) of the Pittsburgh Ordinance, requires us to hold that the Pittsburgh Commission acted without authority in awarding attorneys' fees as damages.

The Commission urges, however, that we distinguish the instant case from *Zamantakis* on the basis that damages for humiliation and mental anguish tend to be speculative, while damages in the form of attorneys' fees are "readily acertainable and calculable." This argument is misdirected. As stated in *Zamantakis*, absent clear authorization by legislature, the PHRC does not have the power to award damages. Similarly, the Pittsburgh Commission does not have the power to award damages absent clear authorization in the Pittsburgh Ordinance. The precision with which a particular type of damages can be calculated cannot operate as surrogate articulation of such authorization where an ordinance and its enabling legislation are otherwise silent.

ORDER

Now, September 22, 1978, order affirmed.

---

DISSENTING OPINION BY JUDGE ROGERS:

I respectfully dissent. It is my opinion that Section 13(i) of the Pittsburgh Ordinance giving the Commission the power to take such affirmative action as in its judgment will effectuate the purposes of the Ordinance is a sufficient delegation of power to award reasonable counsel fees to victims of unlawful discrimination who have engaged counsel to vindicate their rights. The distinction between an award of general damages for embarrassment and humiliation and an award of counsel fees incurred is quite clear to me and in my judgment renders *Pennsylvania Human Re-*

*lations Commission v. Zamantakis,* 478 Pa. 454, 387 A. 2d 70 (1978), an ineffective precedent in this case. I would depend for authority for upholding the award of counsel fees (and other reasonable litigation costs) on *Pennsylvania Human Relations Commission v. Alto-Reste Park Cemetery Association,* 453 Pa. 124, 306 A.2d 881 (1973), where the Supreme Court held that the Pennsylvania Human Relations Commission acted within the limits of its power to order affirmative action when imposing record keeping and public advertising duties upon an offender—affirmative actions which, it seems to me, are far less germane to, or effective in, discouraging discrimination than requiring offenders to pay their victims' reasonable counsel fees. Further, the Supreme Court in *Alto-Reste, supra,* directed us to view the power of Human Relations Commissions to fashion remedies as broadly discretionary and subject only to limited judicial review.