Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Petitioner *v.* David J. Baker and Harold Shalon, Respondents.

Argued February 4, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR. and MENCER, sitting as a panel of three.

*Robert A. Greevy,* Assistant Attorney General, with him, *Edward G. Biester, Jr.,* Attorney General, for petitioner.

*Drew Salaman,* for respondents.

OPINION BY JUDGE WILKINSON, JR., May 23, 1980:
The Pennsylvania Board of Probation and Parole (Board) appeals from an adjudication of the State Civil

Service Commission (Commission) sustaining appeals of non-promotion by David J. Baker and Harold M. Shalon.

On October 21, 1977, a vacancy was announced for the position of Parole Supervisor II, and seven applicants applied for the job. A screening committee reviewed the qualifications of the applicants and suggested to the appointing authority, here the Board, a list of four possible candidates for the position. A Mr. Alterman was ranked fourth while appellants Shalon ranked first and Baker second. The list was submitted to the Board which, in lieu of an oral interview, presented the applicants with written questions. The Board had given numerical values to each question so that the total equaled 100%. Each member of the Board "graded" each applicant's answer independently, without consultation with other members of the Board, and without a standard against which to measure the answer. All the scores for each question were then added, divided by five, and that was the grade given the applicant. It was agreed that the applicant with the highest final score would get the position.

As found by the Commission, and as clearly established by the unequivocal testimony of the Chairman of the Board and another Board member, the only consideration given in selecting among the four recommended applicants was the top score on the answers to the written questions.

We need go no further. Such a procedure is in clear violation of the requirements of Section 501 of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.501. This is the Section under which authority the Board was proceeding. It provides that when, as here, the promotion is made without a competitive examination administered by the Commission it must be: "by promo-

tion based upon meritorious service and seniority to be accomplished by appointment without examination, if (i) the person has completed his probationary period in the next lower position, (ii) he meets the minimum requirements for the higher position, and (iii) he receives the unqualified recommendation of both his immediate superior and the appointing authority of his department or agency."

The Board's rather unique, if disingenuous, defense is that since it did not apply the proper rules or procedures to any of the candidates, it can not be said that it discriminated against the petitioner![1]

Quite apart from the impropriety of basing the appointment entirely on a consideration not provided by the Act, it would have been fatally defective in any event because the Board, at the time of the appointment, did not have before it the recommendation, unqualified or otherwise, of either his immediate superior or the appointing authority of his department or agency.

Accordingly, we will enter the following

ORDER

AND Now, May 23, 1980, the order of the State Civil Service Commission, dated December 27, 1978 in Appeal Nos. 2377 and 2378, is affirmed.

President Judge BOWMAN did not participate in the decision in this case.

---

[1]This argument is reminiscent of Lord Bacon's defense to a charge of accepting a bribe in a case before him. Since he accepted bribes from both sides it could not affect his decision.