Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Petitioner *v.* David J. Baker and John F. Burke, Respondents.

Argued November 15, 1983, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and BARRY.

*Robert B. Hoffman,* Deputy Attorney General, with him *Francis R. Filipi,* Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for petitioner.

*Drew Salaman, Salaman & Salaman,* for respondents.

OPINION BY JUDGE MACPHAIL, April 26, 1984:

This is an appeal by the Pennsylvania Board of Probation and Parole (Board) to this Court from that portion of orders of the State Civil Service Commission (Commission) which directed the Board to pay reasonable attorney's fees not to exceed $2500 to two individuals[1] who successfully appealed to the Commission regarding promotion procedures of the Board.[2]

In its adjudication, the Commission justified the award of counsel fees by stating that the Board had (a) demonstrated lack of good faith in complying with a Commission order, (b) excessively erred in failing to comply with a second Commission order relating to the same subject matter as addressed in the first order and (c) unnecessarily delayed a final determination of the issues. The Commission concluded that since it was in no position to award back pay to the successful appellants before it, "the only real remedy is the award of attorney's fees".

Section 951(b) of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.951(b)[3] was the sole statutory authority cited by the Commission in its adjudication in support of its award of counsel fees. In its brief and argument to this Court, the Commission also relies upon Section 2503 of the Judicial Code (Code), 42 Pa. C. S. §2503 which provides in pertinent part that litigants guilty

---

[1] David J. Baker and John F. Burke.

[2] This case was assigned to the opinion writer March 13, 1984.

[3] In pertinent part, Section 951(b) states, "If such final decision is in favor of the aggrieved person, the commission shall make such order as it deems appropriate to assure the person such rights as are accorded him by this act."

of dilatory, obdurate, vexatious, arbitrary or bad faith conduct during the pendency of litigation are entitled to reasonable counsel fees as part of taxable costs awarded to the successful litigant.

It is the Board's position that the Commission lacked authority to award counsel fees and that, in any event, the circumstances of the appeals before the Commission were insufficient to justify an award of counsel fees.

It has been well settled for some time that, absent statutory authority, counsel fees may not be taxed as costs.[4] *Corace v. Balint,* 418 Pa. 262, 210 A.2d 882 (1965); *Whitney v. Jersey Shore Borough,* 266 Pa. 537, 109 A. 767 (1920); *Winton's Appeal,* 87 Pa. 77 (1878).

As we have noted, the Commission claims to find such authority in Section 951(b) of the Act. We must respectfully disagree. A careful reading of the statutory language cited to us by the Commission indicates that the Commission's authority to make an "appropriate order" is clearly restricted to assuring that the aggrieved person receives the rights accorded to him *by the statute.* Nowhere in the statute is a right to counsel fees given to successful litigants.

In *City of Pittsburgh Commission on Human Relations v. MacBeth,* 37 Pa. Commonwealth Ct. 636, 391 A.2d 1109 (1978), this Court was called upon to decide whether an ordinance adopted by the City of Pittsburgh which authorized the Pittsburgh Commission on Human Relations to issue "such order as the facts warrant to effectuate the purposes of this ordinance", was sufficiently broad to permit that agency to award

---

[4] In a recent case, our Supreme Court held that an appellate court has no jurisdiction to award counsel fees apart from the narrow authority set forth in Pa. R.A.P. 2744. *Gossman v. Lower Chanceford Township Board of Supervisors,* Pa. , 469 A.2d 996 (1983).

attorney's fees. The Court held that absent clear authorization in the ordinance, the agency lacked the power to award counsel fees. We think that the same reasoning applies to the case *sub judice.*

We conclude that Section 951(b) of the Act does not empower the Commission to award counsel fees.

It is true, as the Commission argues, that Section 2503 of the Code does authorize *courts* to award reasonable counsel fees where a litigant has been guilty of specific misconduct. The question remains, however, whether the Code generally and, more specifically, Section 2503 gives any similar authority to administrative agencies. Certainly the definition of a "tribunal" set forth in Section 102 of the Code, 42 Pa. C. S. §102 would include the Commission.[5] We believe, however, that due regard must be given to the purpose of the Code as set forth in Section 103(a), 42 Pa. C. S. §103(a). It is there stated that the provisions of the Code shall be construed so as to give to the "unified judicial system" the power necessary to perform its assigned tasks. The components of the unified judicial system are set forth in Section 301 of the Code, 42 Pa. C. S. §301. Tribunals are not included therein. We conclude that where the term "tribunal" is used in specific sections of the Code, the provisions of those sections would apply to such governmental units as the Commission; but unless the term "tribunal" *is* used in the language of a specific section of the Code, the language of that section would only apply to the various components of the unified judicial system. It follows, since "tribunals" are not mentioned in Section 2503, that we must conclude that the language of

---

[5] The definition is: " *'Tribunal'*. A court district justice or other judicial officer vested with the power to enter an order in a matter. The term includes government unit, other than the General Assembly and its officers and agencies, when performing quasi-judicial functions."

Section 2503 of the Code does not vest the Commission with authority to award counsel fees.

In 1982, the General Assembly enacted legislation which does authorize Commonwealth agencies to award counsel fees to successful litigants in certain specified situations. Act of December 13, 1982, P.L. 1127, 71 P.S. §§2031-2035. We need not decide whether that statute would provide the Commission with requisite authority to award counsel fees in the case now before us, however, because its effective date of July 1, 1983 is more than 1 year after the March 23, 1982 orders of the Commission.

Finding no statutory authority for the Commission's action, we are compelled to reverse that part of its orders which awarded counsel fees.[6]

### ORDER

That part of the orders of the State Civil Service Commission, dated March 23, 1982, which awarded counsel fees to David J. Baker and John F. Burke, is reversed.

---

[6] In view of our conclusion in this respect, it is unnecessary for us to address the Board's argument that the facts of the case would not warrant an award of counsel fees in any event.

---

DISSENTING OPINION BY JUDGE CRAIG:

Consistent with the rule that our system of justice normally leaves no wrong without a remedy, there is a sound legal and factual basis for the State Civil Service Commission's award of counsel fees as costs against the Pennsylvania Board of Probation and Parole on account of that agency's dilatory, obdurate and vexatious conduct in these extended proceedings.

Respondents Baker and Burke, and another parole board employee, Harold M. Shalon, more than five years ago challenged the procedure which the parole

board initially adopted in making a 1977 promotion to the position of Parole Supervisor II. The commission, in December of 1978, disapproved that procedure. This court affirmed that commission action in *Pennsylvania Board of Probation and Parole v. Baker,* 51 Pa. Commonwealth Ct. 501, 414 A.2d 1117 (1980), but, before our affirmance, the parole board had appointed Michael P. Alterman to the post, labeling the action as a transfer rather than as a promotion. After our affirmance in the *Baker* case, parole board officials, in 1980, went through the motions of demoting Alterman to Parole Agent III and then immediately promoting him back to Parole Supervisor II, a move ultimately disapproved by the commission in the March 23, 1982 orders. This court affirmed the commission's direction, in those orders, that the Parole Supervisor II position again be vacated by Alterman, *Alterman v. Baker,* 71 Pa. Commonwealth Ct. 124, 454 A.2d 1154 (1983), and filled only by a lawful promotion process.

In awarding counsel fees as costs, the commission held that "the simultaneous demotion and promotion ... were taken in an attempt to put the appointing authority in technical compliance," adding that "it is obvious that the appointing authority totally ignored the spirit and intent" of the commission's adjudication, which this court affirmed. The commission noted "that the appointing authority carefully choreographed" the simultaneous demotion and promotion, without reposting the position or giving consideration to other possible candidates. The commission also stated:

> It is apparent from our examination of the record that the appointing authority throughout the proceedings interposed unnecessary delays in the prosecution of this action.

The commission concluded that attorneys' fees, up to $2500 in each case, should be reimbursed, based "upon

the readily apparent lack of good faith exercised by the appointing authority in its actions purportedly taken in compliance'' with the commission decision. The commission acknowledged that the original 1977 impropriety could be considered simple error, but the 1980 action was, in the commission's view, ''excessive.'' In each of the cases here involved, the commission's decision concluded that imposing ''the cost of litigating an unnecessary repetition of the appointing authority's error'' upon the employes would be ''unconscionable.''

The records in this series of proceedings, before this court as well as before the commission, clearly provide substantial evidence to support the commission's conclusion that the parole board's approach has been obdurate and dilatory.

In the *Baker* appeal, a frivolous aspect of the board's position compelled Judge WILKINSON, writing for this court, to state:

> The Board's rather unique, if disingenuous, defense is that since it did not apply the proper rules or procedures to any of the candidates, it can not be said that it discriminated against the petitioner!

He added:

> This argument is reminiscent of Lord Bacon's defense to a charge of accepting a bribe in a case before him. Since he accepted bribes from both sides it could not affect his decision.

Like the commission, this court thereafter experienced firsthand, in the *Alterman* case, the necessity of disapproving the attempt of the board's officials to evade the principles clearly adopted by the commission and this court in *Baker*.

With the factual basis for cost sanctions against the board thus established, the remaining question of law is whether or not the commission had the legal

power to make a counsel-fee-reimbursement cost award.

There is authority for the proposition that the Commonwealth, at least as a litigant party, is not immune from liability for costs. *Tunison v. Commonwealth*, 347 Pa. 76, 31 A.2d 521 (1943). *See also Baehr Bros. v. Commonwealth*, 493 Pa. 417, 426 A.2d 1086 (1976), in which a divided Supreme Court affirmed an order of this court taxing costs against the Commonwealth.

Indeed, the fundamental rule is "that there can be no recovery of counsel fees from an adverse party to a cause in the absence of express statutory allowance of the same. . . ." *Corace v. Balint,* 418 Pa. 262, 271-72, 210 A.2d 882, 887 (1965).

It must be agreed that the needed statutory authorization for the commission to award costs is *not* to be found in section 951(b) of the Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.951(b), which provides, concerning the Civil Service Commission's decision-making powers, as follows:

If such final decision is in favor of the aggrieved person, the commission shall make such order as it deems appropriate to assure the person such rights as are accorded him by this act.

Without doubt, terms of that general nature do not empower an administrative body to impose reimbursement of counsel fees as costs. *Pittsburgh Commission on Human Relations v. MacBeth,* 37 Pa. Commonwealth Ct. 636, 391 A.2d 1109 (1978).

The explicit statutory authorization to award counsel fees as costs is in section 2503 of the Judicial Code, 42 Pa. C. S. §2503, which states:

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

. . . .

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

The ultimate issue is whether or not a state administrative agency, the Civil Service Commission, can implement the entitlement conferred by that section. Because the only identification of the type of body which can function under that chapter of the Judicial Code is to be found in 42 Pa. C. S. §2501(a), which confers upon every "litigant" a right to be heard before "any tribunal," the pivotal question becomes whether the commission is a "tribunal" before which one appears as a "litigant."

In the definitions section of the Judicial Code, 42 Pa. C. S. §102, a "litigant" is defined as the party or person legally concerned with the results of a "matter," the latter term being defined as a "proceeding" as well as an action or appeal. The same section states that a proceeding "[i]ncludes" applications to a court, thus apparently not limiting proceedings to actions in courts of record. The definition section then defines "tribunal" to include "a government unit, other than the General Assembly and its officers and agencies, when performing quasi-judicial functions." A "government unit" includes "any government agency," and the latter term expressly includes a "Commonwealth agency," defined as "[a]ny executive agency or independent agency." By virtue of section 201 of the Administrative Code, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §61, the State Civil Service Commission is one of the independent agencies of the Commonwealth.

Thus, that long chain of definitions clearly links the commission to the concept of a "tribunal" empowered to act under Chapter 25 of the Judicial Code.

Although the parole board here contends that the title of the Judicial Code limits its provisions to courts only, that title's terms are not so circumscribed. They describe the Code as consisting of "codified and compiled provisions relating to judiciary and judicial procedure, including certain judicially enforceable rights, duties, immunities and liabilities. . . ."

According to section 102 of the Judicial Code, 42 Pa. C. S. §102, government agencies are among the tribunals "performing quasi-judicial functions." As this court, with two-thirds of its appellate matters coming from government agencies, is well aware, governmental agencies are inextricably involved in the implementation of judicially enforceable rights.

The *affirmative* principle of interpretation in section 103(a) of the Judicial Code, 42 Pa. C. S. §103(1), that it is to be construed toward providing the necessary powers in the "unified judicial system"—the courts, 42 Pa. C. S. §301—does not in any way negate the conclusion that the commission is a "tribunal" under Chapter 25 and hence under section 2503 within that chapter.

Moreover, if the Judicial Code policy, of making an award of counsel fees available as a needed sanction against vexatious conduct, is to be meaningful in the voluminous field of administrative agency litigation, then the power at least to initiate such an award, subject to the assurance of review by the courts, necessarily must rest within the fact-finding administrative agency because it cannot properly be rooted here in the reviewing court. As the Pennsylvania Supreme Court has recently held in *Gossman v. Lower Chanceford Township Board of Supervisors*,    Pa.   , 469 A.2d 996 (1983),

> [a]n appellate court has no jurisdiction to award counsel fees generally. Its jurisdiction in such matters is carefully circumscribed. . . .

The Supreme Court there expressed a logical preference to ''entrust the award of counsel fees for generally vexatious litigation to trial courts, which are procedurally better equipped to make the factual determinations involved.'' In a case such as the one before us, the State Civil Service Commission, and no other body, fulfills that trial court role.

Therefore, the State Civil Service Commission had statutory power to award counsel fees as further costs, subject to judicial review as illustrated by this very appeal.

There can be no disagreement on the point that the new statute, which relates to the award of costs and attorneys fees against administrative agencies, is inapplicable here because it did not become effective until after the end of the administrative proceedings in this case. That Act of December 13, 1982, P.L. 1127, §§1-6, 71 P.S. §§2031-2035, which authorizes administrative agency adjudicative officers to make findings as to the award of litigation expenses and also attorneys fees (up to $10,000), did not become effective with respect to the making of such awards until July 1, 1983, according to its section 6(a), which effective date was more than a year after the March 23, 1982 orders at issue here.[1]

---

[1] Section 1 of the Act recites a legislative finding that litigation expense may deter persons from seeking review of unreasonable administrative agency actions, and declares an intent to diminish that deterrent effect by providing for cost awards, 71 P.S. §2031. Section 2, 71 P.S. §2032, makes the 1982 system inapplicable to ratemaking, licensing, official criminality or disputes concerning "dismissal, suspension, or discipline" of state employees; the latter limitation could possibly raise a question as to its applicability to a promotion case such as this one, if it were to come after the 1983 effective date. Of course, the 1982 legislative action and declaration cannot tell us anything about the content of the legislative intention in 1976, when the Judicial Code was enacted by the Act of July 9, 1976, P.L. 586.

Hence, this case must be resolved on the basis of the law as it stood before 1983, and on that basis, pursuant to the analysis above, the awards of costs should be affirmed.

Judge BARRY joins this dissent.