Helen L. Lehotzky, M.D., Petitioner *v.* Common-
wealth of Pennsylvania, State Civil Service Com-
mission, Respondent.

Argued November 15, 1983, before President
Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS,
JR., CRAIG, MACPHAIL, DOYLE and BARRY.

*Karen Kress Weisbord, Weisbord & Weisbord,* for
petitioner.

*Robert B. Hoffman,* Deputy Attorney General, with him *Allen C. Warshaw,* Deputy Attorney General, Chief of Special Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE DOYLE, May 31, 1984:

Before this Court is an appeal by Dr. Helen Lehotzky (Petitioner) from a decision and order of the State Civil Service Commission denying her request for a hearing on whether she should receive counsel fees and other relief ancillary to her challenge to a performance evaluation report. Said challenge was rendered moot when the appointing authority herein, Eastern State School and Hospital, a component of the Department of Public Welfare (DPW), withdrew the report and expunged it from Petitioner's record. We affirm in part and reverse in part.[1]

Petitioner is Medical Director of Eastern State School and Hospital. In May, 1982, her supervisor issued a performance evaluation which, compared with prior evaluations, significantly downgraded Petitioner's performance in every category and reduced her overall evaluation from "excellent" to "fair." Attached to the evaluation form, and incorporated by reference in the "comments" section thereof, was a memorandum captioned "Reprimand for Neglect of Key Responsibilities." The memorandum was dated April 30, 1982, and was from Petitioner's supervisor to her.

On June 1, 1982, Petitioner appealed her performance evaluation to the Commission, alleging that it was discriminatory, issued in bad faith and for the purpose of retaliation. A hearing on the appeal was scheduled for September 8, 1982, but was rescheduled for October 29, 1982, following a continuance request

---

[1] This case was assigned to the opinion writer March 13, 1984.

by DPW. Only on October 25, 1982, did DPW notify the Commission that the hospital had unilaterally agreed to withdraw the challenged evaluation, expunge it from Petitioner's personnel file and reinstate her previous evaluation. In response to this information, the Commission requested letter briefs from counsel on whether the proceeding should be dismissed as moot. Petitioner opposed such a dismissal on the grounds that there remained an outstanding issue as to whether she was entitled to counsel's fees. It was also alleged by Petitioner that the memorandum of reprimand which accompanied her evaluation had been circulated to other physicians on the hospital's staff, and that, hence, her reputation had been unjustly damaged, that there remained a potential for future detriment as a result of the reprimand and that relief would not be complete unless there was also a rescission of the memorandum. The Commission nonetheless dismissed Petitioner's appeal as moot on the basis that the performance evaluation report challenge was resolved by the hospital's action, that counsel fees could not be awarded, and that the issue of the hospital's action or inaction to rescind the reprimand did not constitute an appealable personnel action. The appeal to this Court followed, in which Petitioner reasserts her contentions that counsel fees are awardable in a matter such as this and that it was within the Commission's authority to order a rescission of the reprimand.

Initially, this Court must reject any claim of Petitioner for counsel fees. In *Pennsylvania Board of Probation and Parole v. Baker,* 82 Pa. Commonwealth Ct. 86, 474 A.2d 415 (1984) we held, with respect to matters such as that *sub judice,* which predate July 1, 1983, the effective date of the Act of December 13, 1982, P.L. 1127, 71 P.S. §§2031-2035, (Costs Act), authorizing Commonwealth agencies to award counsel

fees and costs in certain instances, that there was no authority which could permit the Commission to award such fees. This is true even where it conceivably may be established that the conduct of an agency which was a party to a proceeding was dilatory, obdurate or vexatious. *Id. See generally* Section 2503 of the Judicial Code, 42 Pa. C. S. §2503. We reiterate that holding here, with the additional note that, by passing the Costs Act, the Legislature has indicated that it did not intend the Judicial Code, or statutes providing individual agencies with authority to award general relief,[2] to be construed as permitting an agency to award costs and attorneys' fees. For this Court to hold that such was the intent and to so interpret the statutes would be to render the Costs Act surplusage and our interpretation would, thus, be contrary to the edicts of Section 1922 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1922. *See Habecker v. Nationwide Insurance Co.,* 299 Pa. Superior Ct. 463, 445 A.2d 1222 (1982). In promulgating the Costs Act, the legislature has *now* acknowledged the issue of fees and expenses in litigation involving Commonwealth agencies and evinced an intent to address it. This Court should not engage in what would be, in effect, judicial legislation overriding the efforts of the legislature.

With respect to the issue of whether there should be a rescission of the reprimanding memorandum, however, we believe that the Commission's holding, that the question, of whether there should be a rescission, does not constitute an appealable personnel action, implicitly mischaracterizes the precise issue be-

---

[2] In *Baker*, this Court specifically addressed Section 951(b) of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, added by Section 27 of the Act of August 27, 1963, P.L. 1257, *as amended*, 71 P.S. §741.951(b), which is the Commission's general authority to afford litigants the necessary remedies.

fore it. Petitioner does not present any assertion of a new subject of appeal. Instead, she has preserved a request for ancillary relief stemming from the personnel action originally appealed, *i.e.,* the performance evaluation report. The real issue confronting this Court is whether the Commission was obligated to proceed with a hearing for consideration of that ancillary relief request where the employer agency has reversed the challenged personnel action prior to the hearing on the merits, *i.e.,* whether the agency, by unilaterally mooting the central challenge, can be assured of avoiding any further action of the Commission.

Initially, Section 951(b) of the Civil Service Act, 71 P.S. §741.951(b), vests with the Commission the authority to ''make such order as it deems appropriate to assure . . . [a state employee] such rights as are accorded him'' by the Civil Service Act. This clearly permits the ordering of a rescission where the facts of the particular matter justify such.

The Commission's reluctance to pursue this matter, one largely resolved by the agency's capitulation, is understandable. A hearing upon Petitioner's allegations as to the agency's bad faith in generating the negative report necessarily would have involved a broad review of the merits of the report which had been withdrawn. The Commission, therefore, was justified in exercising its discretion to refuse an evidentiary exploration of any aspect of the origination of the withdrawn report, essentially a component of the merits which had been mooted.

In unilateraly mooting the merits, however, DPW could not dictate a limitation upon the extent of relief, and the Commission, consonant with fundamental concepts of due process, could not reach a finding of fact, on the basis of letter briefs alone, that Petitioner had no basis for receiving a further measure of

relief. Was the circulation of the negative performance evaluation report warranted? If not, was there an injurious impact which could be remedied by requiring the communication of at least a simple retraction to the same recipients?

For the appropriate consideration of evidence on these matters at a hearing, we must remand the case to the Commission. We do so with the understanding that the Commission has no obligation to reopen the central question of the absence of support for the evaluation now withdrawn, nor any obligation to pursue Petitioner's claims of bad faith with respect to the generation of the report.

ORDER

Now, May 31, 1984, the decision and order of the State Civil Service Commission in the above captioned matter, Appeal No. 4023, dated November 18, 1982, is hereby affirmed in part and reversed in part consistent with the opinion above and the case is remanded for a hearing confined solely to matters set forth in said opinion. Jurisdiction relinquished.

CONCURRING AND DISSENTING OPINION BY JUDGE CRAIG:

I concur in that portion of the order which remands this case for a hearing on the question of affording ancillary relief in the form of a rescission of the reprimanding memorandum.

However, I must respectfully dissent from the affirmance of the State Civil Service Commission's denial of a hearing on whether or not the petitioner should receive reimbursement of counsel fees as costs, for the reasons stated in my dissenting opinion in *Pennsylvania Board of Probation and Parole v. Baker,* 82 Pa. Commonwealth Ct. 86, 474 A.2d 415 (1984).

Judge WILLIAMS, JR. and Judge BARRY join in this concurring and dissenting opinion.