552 A.2d 769

Property Owners, Residents, and/or Taxpayers of The Pleasant Valley School District, Petitioners *v.* Commonwealth of Pennsylvania, Department of Community Affairs and Pleasant Valley School District, Respondents.

Submitted on briefs May 18, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Michael Vianello,* for petitioners.

*Daniel M. Corveleyn, Mervine, Brown, Newman, Williams* & *Mishkin, P.C.,* with him, *Jens H. Damgaard and Donna M. J. Clark, Rhoads* & *Sinon,* for respondents.

OPINION BY SENIOR JUDGE BLATT, January 17, 1989:

Property owners, residents, and/or taxpayers of the Pleasant Valley School District (petitioners)[1] appeal from the August 2, 1985 order of the Department of Community Affairs (DCA)[2] dismissing their complaint in this matter. We will affirm.

The petitioners' complaint challenged the application made by the Pleasant Valley School District (respondent or School District) in June of 1985 for approval of the issuance of general obligation bonds in the aggregate principal amount of $7,145,000. The purposes of the bonds are to refund the 1984 series of general obligation bonds, to fund a capital project consisting of the construction of alterations, additions and improvements to various school buildings, and to pay the costs and expenses of the issuance of the bonds. The petitioners challenged the proceedings conducted by the respondent in connection with the bond proposal on several grounds, which basically narrow down to challenges of failure to follow advertising requirements of Section 103

---

[1] These same parties were previously before us in *Property Owners, Residents, and/or Taxpayers of the Pleasant Valley School District v. Pleasant Valley School District,* 100 Pa. Commonwealth Ct. 513, 515 A.2d 85 (1986) *(Pleasant Valley I).* Mr. Mike Vianello has filed this complaint as a class action. The signatures of 26 people, including Mr. Vianello, are attached to the complaint. As in *Pleasant Valley I,* we will assume for the purposes of this appeal that the petitioners have standing to bring this action, and we will treat this as a consolidated appeal. *See Pleasant Valley I* at 514 n.1, 516 n.5, 515 A.2d at 86 n.1, 87 n.5.

[2] The DCA has filed a notice of non-participation with this Court.

of the Local Government Unit Debt Act (Debt Act),[3] failure to make a copy of the proposed text of the bond resolution available for public review and violation of the "Open Meeting Law".[4]

The School District responded by filing an answer and a petition to dismiss pursuant to 1 Pa. Code §35.54.[5] Attached to the School District's petition to dismiss were affidavits to disprove the petitioners' allegations. It also filed a motion for expedited argument in connection with the petition to dismiss, which was granted.

A hearing was held on the petition to dismiss before a hearing examiner for the DCA, which was not attended by the petitioners. The DCA determined that the legal requirements of Section 103 of the Debt Act had been complied with and that it lacked jurisdiction to determine whether any violation of the "Open Meeting Law" had occurred. As a result, it granted the respondent's petition to dismiss. The petitioners then appealed to this Court.

The first issue raised by the petitioners is whether an agency may dismiss a complaint on demurrer[6] when

---

[3] Act of July 12, 1972, P.L. 781, *as amended,* 53 P.S. §6780-3.

[4] Act of July 19, 1974, P.L. 486, *as amended, formerly* 65 P.S. §§261-269, repealed by Section 17 of the Act of July 3, 1986, P.L. 388. The subject matter of the "Open Meeting Law" is now contained in the Sunshine Act, Act of July 3, 1986, P.L. 388, 65 P.S. §§271-286.

[5] 1 Pa. Code §35.54 states that:

A respondent may file with his answer a motion that the allegations in the complaint be made more definite and certain, the motion to point out the defects complained of and details desired. A respondent may also file with his answer a motion to dismiss a complaint because of lack of legal sufficiency appearing on the face of the complaint.

[6] We note that we do not agree with the petitioners' characterization of the petition to dismiss as one in the nature of a demurrer.

the complaint alleges violations clearly cognizable under the act administered by the agency. The pertinent allegations listed in the complaint are:

6). The 1985 bond proceedings of the District are invalid because the District failed to meet the preadoption advertisement requirements of the Debt Act in that the advertisement of the proposed financing resolution failed to state with specific certainty so as to put the public on notice the exact time, date and place of the proposed adoption.

7). The District failed to make a copy of the proposed and adopted resolution avaiable [sic] for public inspection as required by the Debt Act. Therefore the resolution is invalid.

8). The approval of the said resolution and the resolution itself were based on agreements and decisions made in meetings closed to the public and without the required public notice. Therefore, the resolution is invalid.

9). The District has violated the Open Meetings [sic] Law in regard to the proceedings and/ or parts thereof by the School District Board for incurring the said bonded debt and its underlying requisites.

10). The District is in violation of Due Process and Other Rights of the Class regarding the propsed [sic] bond issue and its underlying requisites.

Original Record Item No. 3, Petitioners' Complaint. As noted above, the respondent attached affidavits to its motion to dismiss, which clearly refuted the allegation that the proposed resolution had not been made available for public inspection. The remaining allegations were attacked on legal grounds. The petitioners did not respond to the respondent's affidavits in any manner.

The DCA then accepted the respondent's affidavits and concluded that the requirements of the Debt Act had been complied with. Because the petitioners failed to respond to and to refute the facts as portrayed in the respondent's affidavits, there remained no material issue of fact. *See Santoro v. City of Philadelphia,* 59 Pa. Commonwealth Ct. 114, 429 A.2d 113 (1981). The DCA did not, therefore, err in disposing of the matter by granting the motion to dismiss.

The petitioners next raise the issue of whether an agency may dismiss a complaint for want of specificity and without affording an opportunity to amend the complaint. This argument can also be answered as it was in *Pleasant Valley I*. The complaint was not dismissed due to procedural irregularities, but, as noted above, was dismissed because the petitioners' allegations lacked merit.

The third issue raised by the petitioners is whether an agency may consider the factual allegations of a demurrer movant in determining the legal sufficiency of a complaint. This question has been answered in the discussion of the first issue. It was proper for the DCA to consider the motion and affidavits of the respondent without holding a full evidentiary hearing because no counter-affidavits were filed in opposition, and there remained no material issue of fact.

Next, the petitioners pose the question of whether an agency may make an adjudication without notice and the other requirements of the applicable administrative law. They argue that the notice of the hearing on the respondent's petition to dismiss was inadequate because it did not indicate that the hearing would be adjudicatory. The notice, which is the subject of this allegation, indicates that a special hearing had been scheduled on the motion to dismiss the complaint in this case. This description certainly provides ample and accurate notice of the nature of the hearing which was held.

The petitioners also allege that the notice was inadequate because it was not given within sufficient time in advance of the hearing. The notice was served by certified mail on July 19, 1985, and the hearing was scheduled to be held on July 26, 1985. 1 Pa. Code §35.105(c) provides that notice of such hearings shall be published in the Pennsylvania Bulletin fifteen days prior to the date of the hearing *unless the agency finds that a shorter period of notice is reasonable and consistent with the public interest.* (Emphasis added.) As noted earlier in this opinion, the respondent's motion for expedited argument had been granted in this case. In consideration of the potential problems listed by the respondent, including the possible failure of the refunding bond issue and the loss of interest savings, it was reasonable for the DCA to allow an exception from the fifteen-day advance notice requirement.

The final issue concerns whether the DCA has jurisdiction to consider violations of the "Open Meeting Law" in reviewing Debt Act proceedings. This Court has previously thoroughly discussed this issue in *Pleasant Valley I* and we will not change our holding here. The DCA does not have jurisdiction over alleged violations of the "Open Meeting Law".

Accordingly, we will affirm the order of the DCA.

## ORDER

AND NOW, this 17th day of January 1989, the order of the Department of Community Affairs in the above-captioned matter is hereby affirmed.

Judge MACPHAIL did not participate in the decision in this case.