560 A.2d 935

**PLEASANT VALLEY SCHOOL DISTRICT, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF COMMUNITY AFFAIRS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 24, 1989.

Decided June 26, 1989.

Jens H. Damgaard, Donna M.J. Clark, Rhoads & Sinon, Harrisburg, and Daniel M. Corvelyn, Mervine, Brown, Newman, Williams & Mishkin, P.C., Stroudsburg, for petitioner.

Miles H. Mitchell, Dept. of Community Affairs, Harrisburg, for respondent.

Michael Vianello, for himself.

Before CRAIG and BARRY, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

The Pleasant Valley School District (petitioner) petitions for our review of the dismissal of its request for the

assessment of attorney fees by the Department of Community Affairs (DCA).[1]  We will affirm.

The petitioner's request for costs and fees came about as a result of the third complaint filed by Michael Vianello and other property owners, residents and/or taxpayers of the Pleasant Valley School District under the Local Government Unit Debt Act (Debt Act), Act of July 12, 1972, P.L. 781, *as amended,* 53 P.S. § 6780-1—6780-609.[2]  After filing an answer to this complaint, the petitioner filed a motion to dismiss the complaint pursuant to 1 Pa Code § 35.54.  As a part of both its answer and its motion to dismiss, the petitioner requested to be awarded costs and attorney fees by the DCA.  In its brief in support of the motion to dismiss, it based its request for attorney fees on Section 2503 of the Judicial Code (Code), 42 Pa.C.S. § 2503.[3]  The DCA ultimately granted the motion to dismiss, but denied the request for attorney fees.  The DCA concluded that because it is a Commonwealth agency outside of the unified judicial system, it lacks the authority to assess counsel fees.  We agree.

We will first address the timeliness issue raised by Intervenor Michael Vianello in his brief to this Court.  Mr. Vianello argues that the petitioner's appeal should be dismissed because its petition for review was not timely filed.  He contends that the time limitation set forth in Pa.R.A.P. 1512(b)(1) should apply to this appeal rather than Pa.R.A.P. 1512(a)(1).  Rule 1512(b)(1) provides that a petition for review of a determination of the DCA "in any matter arising under" the Debt Act must be filed within 15 days after

1. The DCA has filed a notice of non-participation with this Court.
2. The two previous related cases are *Property Owners, Residents, and/or Taxpayers of the Pleasant Valley School District v. Department of Community Affairs,* 122 Pa.Commonwealth Ct. 612, 552 A.2d 769 (1989); and *Property Owners, Residents, and/or Taxpayers of the Pleasant Valley School District v. Pleasant Valley School District,* 100 Pa.Commonwealth Ct. 513, 515 A.2d 85 (1986).
3. We note that this request for fees was not based on Section 3(a) of the Commonwealth Agency Adjudicatory Expenses Award Law, 71 P.S. § 2033(a), and that that statute does not apply here.

entry of the DCA order. Rule 1512(a)(1) provides generally for a 30–day appeal period from a quasijudicial order.

■ The issue then is whether this matter arose under the Debt Act. We hold that it did not. Although the original litigation did arise under the Debt Act, this particular matter now before us relates solely to the Judicial Code. The DCA did not include its resolution of the counsel fee issue in its order, but this subject is included in its determination dated March 16, 1988. Therefore, the 30–day appeal period began on that date, and the petitioner's petition for review filed on April 14, 1988 was timely.[4]

■ As to the counsel fees issue, this Court analyzed the applicability of Section 2503 of the Code in the case of *Pennsylvania Board of Probation and Parole v. Baker*, 82 Pa.Commonwealth Ct. 86, 474 A.2d 415 (1984). It was held there that the Judicial Code applies only to the components of the unified judicial system unless the term "tribunal" is used in the language of a specific section of the Code. Because tribunals are not specifically mentioned in Section 2503, that section does not give them the authority to award counsel fees. *Duquesne Light Company v. Pennsylvania Public Utility Commission*, 117 Pa.Commonwealth Ct. 28, 543 A.2d 196 (1988); *Baker*.

The petitioner has attempted to limit the application of *Baker* to cases in which a Commonwealth agency is attempting to impose counsel fees on another Commonwealth agency. The analysis in *Baker*, however, clearly does not contain such a limitation. We also point out that the *Duquesne Light* case involved a request by the Joseph Horne Company for the Pennsylvania Public Utility Commission (PUC) to award counsel fees to it and against the Duquesne Light Company. This Court relied on the *Baker*

4. Mr. Vianello has also raised the arguments that the petition for review should be dismissed because: the petitioner's attorneys lack the authority to file the petition; it fails to set forth facts which would entitle the petitioner to the relief it requests; it fails to name all of the respondents; and because it is frivolous. We find all of these arguments to be without merit and will not address them any further.

case in holding that the PUC did not have the authority to make such an award.

We will, accordingly, affirm the adjudication of the DCA dismissing the petitioner's request for attorney fees.

## ORDER

AND NOW, this 26th day of June, 1989, the adjudication of the Department of Community Affairs dismissing the Pleasant Valley School District's request for counsel fees in the above-captioned matter is hereby affirmed.